ROBERT C. BAKER, BAR ID #49255
rbaker@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street
Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile:  (213) 241-0990

Attorneys for Defendants
GIRARDI │ KEESE
THOMAS V. GIRARDI
ERIKA N. GIRARDI

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stillwell Madison, LLC, a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>Girardi & Keese, a California general partnership d/b/a Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife,<br><br>                    Defendants. | Case No.:   CV-19-03563-PHX-SPL<br><br>Complaint filed:          05-24-2019<br><br>**DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed concurrently with [Proposed] Order and Certification of Conferral]**<br><br>**DATE: To Be Set By Judge**<br>**TIME:  To Be Set By Judge**<br>**CTRM: 501**<br><br>**JUDGE:  HON. STEVEN P. LOGAN** |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:**

        **COMES NOW** Defendants, GIRARDI │ KEESE, THOMAS V. GIRARDI and ERIKA

N. GIRARDI (sued herein as Girardi & Keese, a California general partnership d/b/a

Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife) (hereinafter

"Defendants") request a hearing date to be set by Judge Logan in Courtroom 501 of the above-

entitled Court located at 401 Washington Street, Phoenix Arizona, in that Defendants seek to

will move this Court to Dismiss the current action and Compel Arbitration of the current

dispute.  This Motion is made pursuant to A.R.S. § 12-3007 and 9 U.S.C. § 3.

242-3777-0011

- 1 -

**DEFENDANTS' MOTION TO DISMISS & COMPEL ARBITRATION**

Counsel for Defendants sought via meet and confer efforts to obtain a stipulation of dismissal and to compel arbitration on August 5, 2019.  Counsel for Plaintiff has rejected Defendants' request and thus this Motion is being filed.

DATED:  August 7, 2019                          BAKER, KEENER & NAHRA, LLP


                                                By  */S/ ROBERT C. BAKER*
                                                      ROBERT C. BAKER
                                                BAKER, KEENER & NAHRA, LLP
                                                633 West 5th Street, Suite 5500
                                                Los Angeles, California 90071
                                                Telephone: (213) 241-0900
                                                Facsimile:  (213) 241-0990

                                                Attorneys for Defendants
                                                GIRARDI | KEESE, THOMAS V. GIRARDI and
                                                ERIKA GIRARDI

242-3777-0011

**DEFENDANTS' MOTION TO DISMISS & COMPEL ARBITRATION**

## MEMORANDUM OF POINTS AND AUHTORITIES

**1.   INTRODUCTION**

The current action was filed as a publicity stunt.  The current alleged breach of contract was only filed in this Court to attempt to embarrass the Defendants GIRARDI│KEESE, THOMAS V. GIRARDI and ERIKA N. GIRARDI (sued herein as Girardi & Keese, a California general partnership d/b/a Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife) (hereinafter "Defendants").  The Plaintiff surely knew there was an arbitration agreement in the contract for which they seek to enforce.  (See Paragraph 15 of Exhibit 1 to the Complaint.)

The applicable contract is to be governed by Arizona law and is to be subject to the arbitration agreement.  (See Paragraph 15(e) of Exhibit 1 to the Complaint.)  Plaintiff filed in federal court using such highly charged language as "lavish lifestyle" and "glamorous public image" (See Paragraph 30 of the Complaint) with the goal to try to use the Court system as a publicity campaign.

Plaintiff should be estopped further from this unprofessional tact and immediately compelled to litigate this dispute in the forum for which they demanded in the contract.

**2.   ARBITRATION SHOULD BE COMPELLED UNDER BOTH FEDERAL AND ARIZONA LAW**

Pursuant to 9 U.S.C. § 3, a state court must order arbitration so long as the moving party "is not in default in proceeding with such arbitration."  This provision, as a matter of federal law, governs the determination of whether a party has "default[ed]" by waiving the right to seek arbitration under an otherwise enforceable agreement.  See *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 217 (3d Cir. 2007); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 13 (1st Cir. 2005) (citing cases); *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) ("Our determination of whether S & H waived its right to arbitration, as opposed to whether the contract is void under Alabama law, is controlled solely by federal law."); *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966) ("Once having waived the right to arbitrate, that party is necessarily 'in default in proceeding with such

242-3777-0011

**DEFENDANTS' MOTION TO DISMISS & COMPEL ARBITRATION**

arbitration.' "); *Hudson*, 387 P.3d at 47; see also *Barber & Ross Co. v. Cornell & Co.*, 242 F. Supp. 825, 826 (D.D.C. 1965) (moving party was "in default" because "the litigation machinery had been substantially invoked at the time  an intention to arbitrate was communicated").  In the face of these authorities, Plaintiff cites no case holding that waiver of a right to arbitrate under the FAA is governed by state-law principles under § 2 of the FAA rather than by federal-law principles under § 3.

Further, Arizona law requires compulsion to arbitration.  A.R.S. § 12-3007 states in pertinent part:

A.  On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

1.  If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate.

2.  If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

As a result, Plaintiff's action should be dismissed, and arbitration compelled.  The current action seeks recovery pursuant to a Loan Agreement attached to Plaintiff 's complaint and Plaintiff seeks damages arising from the purported breach of the Loan Agreement.  The Loan Agreement controls, and Paragraph 15 demonstrates the broadness of the arbitration provision which covers:

"Any and all claims, counterclaims, demands, causes of action, disputes, or controversies under this Agreement or the alleged breach of any provision hereof (all of which are referred to as 'Disputed Claims'), whether such Disputed Claims arise at law or in equity, under US state or federal law, or the law of any other nation or state, for damages or for any other relief, shall be resolved in the manner set forth below:"  (Paragraph 15A of Exhibit 1 to the Complaint.)

242-3777-0011

**DEFENDANTS' MOTION TO DISMISS & COMPEL ARBITRATION**

Further, while Plaintiff during meet and confer efforts has taken the position that the claimed breach of the loan agreement and the purported Forbearance Agreement invalidates the arbitration language, Paragraph 15(g) establishes without a doubt the current action should be in arbitration:

> "**EACH PARTY UNDERSTANDS AND AGREES THAT (i) THIS AGREEMENT CONTAINS THE REQUIREMENT TO ARBITRATE WITH RESPECT TO ANY DISPUTE OR NEED OF INTERPRETATION OF THIS AGREEMENT; (ii) EACH PARTY WILL NOT BE ABLE TO BRING A LAWSUIT AGAIN THE OTHER PARTY; (iii) THERE SHALL BE NO AUTHORITY FOR ANY CLAIMS TO BE ARBTIRATED ON A CLASS ACTION OR PRIVATE ATTORNEY GENERAL BASIS; AND (iv) ARBITRATION CAN ONLY DECIDE THE PARTIES' CLAIMS AND MAY NOT CONSOLIDATE OR JOIN THE CLAIMS OF OTHER PERSONS THAT MAY HAVE SIMILAR CLAIMS.**"  (Emphasis in original.)

3.   **CONCLUSION**

In short, Plaintiff's contract, authored by itself, controls the location of this proceeding and Plaintiff's denial of such firmly establishes this lawsuit was filed for an improper, ulterior purpose.


DATED:  August 7, 2019                    BAKER, KEENER & NAHRA, LLP


                                          By  */S/ ROBERT C. BAKER*
                                               ROBERT C. BAKER
                                          BAKER, KEENER & NAHRA, LLP
                                          633 West 5th Street, Suite 5500
                                          Los Angeles, California 90071
                                          Telephone: (213) 241-0900
                                          Facsimile:  (213) 241-0990

                                          Attorneys for Defendants
                                          GIRARDI | KEESE, THOMAS V. GIRARDI and
                                          ERIKA GIRARDI

242-3777-0011

**DEFENDANTS' MOTION TO DISMISS & COMPEL ARBITRATION**

**CERTIFICATE OF SERVICE**

***Stillwell Madison, LLC v. Girardi & Keese, et al.***
**USDC – Arizona (Phoenix), Case No.: CV-19-03563-PHX-SPL**

I hereby certify that on **August 7, 2019**, I electronically filed the attached document entitled: **DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Laura E. Sixkiller, Esq.
Katherine L. Benveniste, Esq.
DLA Piper LLP (US)
2525 E. Camelback Road, Suite 1000
Phoenix, AZ 85016
laura.sixkiller@dlapiper.com
kate.benveniste@dlapiper.com
*Attorneys for Plaintiff*

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

*/S/ ROBERT C. BAKER*
ROBERT C. BAKER

242-3777-0011

**DEFENDANTS' MOTION TO DISMISS & COMPEL ARBITRATION**