Patrick J. McGroder III (002598)
p3@beusgilbert.com
BEUS GILBERT PLLC
701 North 44th Street
Phoenix, Arizona  85008-6504
(480) 429-3004
(480) 429-3100
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stillwell Madison, LLC, | CASE NO. CV-19-03563-PHX-SPL |
| Plaintiff, | **DEFENDANTS' REPLY BRIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AND COMPEL ARBITRATION** |
| v. | |
| Girardi & Keese, et al, | |
| Defendants. | **(Oral Argument Requested)** |

**COMES NOW** Defendants, Girardi│Keese, Thomas V. Girardi and Erika N. Girardi (sued herein as Girardi & Keese, a California general partnership d/b/a Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife) (hereinafter "Defendants") submit this Reply Brief in support of their Motion to Dismiss the current action and Compel Arbitration of the current dispute.  This Motion is made pursuant to A.R.S. § 12-3007 and 9 U.S.C. § 3 and is supported by Defendants' Memorandum of Points and Authorities below.

**MEMORANDUM OF POINTS AND AUHTORITIES**

**I.   INTRODUCTION.**

Plaintiff cannot ignore the agreement they authored and signed.  The current alleged breach of contract was filed in this Court to attempt to embarrass the Defendants.  The refusal to submit to arbitration is consistent with the same strategy.  The Plaintiff knew there was an arbitration agreement in the contract for which they seek to enforce, yet ignore the plain language in the accord.  *See* Paragraph 15 of Exhibit "1" to the Complaint.

The applicable contract is to be governed by Arizona law and is to be subject to the arbitration agreement. *See* Paragraph 15(e) of Exhibit "1" to the Complaint. Plaintiff's action is premised the "Firm's subsequent default of the Loan Agreement." Paragraph 1 of the Complaint, which undoubtedly contains a far-reaching arbitration clause. The painful exercise of claiming the correspondence regarding payments should invalidate the Loan Agreement's express language is inconsistent with the Complaint, inconsistent with case law, and ignores the language of both agreements.

## II. ARBITRATION SHOULD BE COMPELLED UNDER THE LOAN AGREEMENT.

The current action arises from payment claimed due and owing on the Loan Agreement and subsequent attempts to refinance payment on the Loan Agreement. The Loan Agreement controls, and Paragraph 15 demonstrates the scope of the arbitration provision which covers:

> **Any and all claims, counterclaims, demands, causes of action, disputes, or controversies under this Agreement or the alleged breach of any provision hereof** (all of which are referred to as 'Disputed Claims'), whether such Disputed Claims arise at law or in equity, under US state or federal law, or the law of any other nation or state, for damages or for any other relief, shall be resolved in the manner set forth below:

Paragraph 15 of Exhibit "1" to the Complaint (emphasis added).

Plaintiff has absolutely ignored this language. Further, Plaintiff disregarded the emphasized language in the agreement they authored in paragraph 15(g):

> **EACH PARTY UNDERSTANDS AND AGREES THAT (i) THIS AGREEMENT CONTAINS THE REQUIREMENT TO ARBITRATE WITH RESPECT TO ANY DISPUTE OR NEED OF INTERPRETATION OF THIS AGREEMENT; (ii) EACH PARTY WILL NOT BE ABLE TO BRING A LAWSUIT AGAINST THE OTHER PARTY; (iii) THERE SHALL BE NO AUTHORITY FOR ANY CLAIMS TO BE ARBTIRATED ON A CLASS ACTION OR PRIVATE ATTORNEY GENERAL BASIS; AND (iv) ARBITRATION CAN ONLY DECIDE THE PARTIES' CLAIMS AND MAY NOT CONSOLIDATE OR JOIN THE CLAIMS OF OTHER PERSONS THAT MAY HAVE SIMILAR CLAIMS.**

1  Paragraph 15(g) of Exhibit "1" to the Complaint (emphasis in original).

2   Plaintiff now appears to argue that the correspondence associated with payments (Exhibits 2 and 3 to the Plaintiff's Complaint) nullifies the Loan Agreement.  Plaintiff cannot have it both ways – it either chose to sue on the original Loan Agreement or it did not.  The single case they cite for the proposition that the forbearance agreement nullifies the Loan Agreement does not establish their argument at all.  *Converged IT, LLC. v. Bus. Dev. Sols., Inc.* No. CV-5-2489 PHX ECV, 2006 WL 322468 involved a consulting agreement and a separate sale agreement involving different parties.  The Court stated: "in addition, the agreements did not involve the same parties or the same subjects - one involved consulting services between BDSI and CIT and the other involved the sale and reorganization between HID Properties and CIT." *Converged IT, LLC. v. Bus. Dev. Sols., Inc.* No. CV-5-2489 PHX ECV, 2006 WL 322468 *2.

   Further, Plaintiff's quote from the *Converged* decision strikingly omits the proceeding sentence.  In Plaintiff's opposition, Plaintiff states boldly: "Under Arizona law,' [t]he lack of an arbitration clause in a subsequent agreement that is independent and subject to individual interpretation means disputes over such an agreement are not subject to arbitration." (Opposition to Motion to Dismiss at p.6).  However, the proceeding sentence should be read to determine the Court's ruling:

> Moreover, in the case of multiple agreements, an arbitration clause in one contract does not govern disputes arising out of a subsequent contract unless the contracts are interrelated in an ongoing series of transactions.

*Converged IT, LLC. v. Bus. Dev. Sols., Inc.* No. CV-5-2489 PHX ECV, 2006 WL 322468 *1 (citation omitted).

   Plaintiff has alleged the Defendants have evaded their obligations "under the loan and subsequent forbearance agreement" (Paragraph 2 of the Complaint).  However, there is only correspondence relating to payment obligations under the original Loan Agreement attached to the Complaint and referenced as the so-called forbearance agreement

   Finally, the Loan Agreement specifically states:

> **The Parties to this Agreement agree that All Disputed Claims, which shall include any dispute, controversy or claim that may arise between or among them in connection with, arising out of, or otherwise relating to this Agreement** or the application, implementation, validity or breach of this Agreement or any provision of this Agreement (including, without limitation, claims based on contract, tort or statute), shall be finally, conclusively and exclusively settled by binding arbitration in Phoenix, Arizona in accordance with the arbitration rules (the "Rules") of the National Arbitration Forum (NAF) or JAMS or any successor thereto then in effect.

Paragraph 15(a) of Exhibit "1" to the Complaint (emphasis added).

Further, the current action seeks liquidated damages on the agreement they now abandon and attorney's fees and costs pursuant to the "terms of the parties' agreements." (Page 10 of Exhibit "1" to the Complaint). The Plaintiff cannot reasonably contend the arbitration agreement does not control.

### III.   THE FILING SHOULD BE DEEMED PROPER.

The Motion to Dismiss and Compel Arbitration was filed in good faith. Robert Baker has been admitted *pro hac vice* in this Court and in good faith believed he was still admitted by reviewing the Court website as to attorneys admitted before this Court. In light of the opposition, counsel for the law firm of Baker, Keener and Nahra will reapply to assure compliance and has retained current counsel to file the reply brief. If this Court desires, current counsel will refile the Motion to Dismiss and Compel Arbitration on behalf of Defendants pending potential *pro hac vice* admission.

RESPECTFULLY SUBMITTED this 25th day of April, 2019.

BEUS GILBERT PLLC

By: */s/* Patrick J. McGroder III
Patrick J. McGroder III
BEUS GILBERT, PLLC
701 North 44th Street
Phoenix, AZ 85008

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

*/s/ Debbie Francis*