**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stillwell Madison LLC, | No. CV-19-03563-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Girardi & Keese, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss. (Doc. 9) For the following reasons, the Motion will be denied without prejudice.

**I.   Background**

This dispute arises from a loan agreement and personal guaranty executed by Plaintiff and Defendant Thomas V. Girardi. (Doc. 1) Currently, Defendants' counsel of record is listed as Phillip A. Baker and Robert C. Baker—both attorneys at the Los Angeles, California law firm Baker Keener & Nahra LLP.

On August 7, 2019, Robert C. Baker filed the Motion to Dismiss on behalf of Defendants, arguing that Plaintiff's breach of contract claims are governed by the applicable contracts' arbitration clause. (Doc. 9 at 3) In response, Plaintiff argued that the Motion should be stricken because Defendants' signatory counsel (Robert C. Baker) was not properly admitted to practice before this Court. (Doc. 11 at 2-3) On August 22, 2019, Patrick J. McGroder III—from the Arizona-based law firm Beus Gilbert PLLC—filed a reply on Defendants' behalf. (Doc. 12) Mr. McGroder asserted that Robert C. Baker filed

the Motion with the good faith belief that he was already admitted *pro hac vice* to this District. (Doc. 12 at 4) Mr. McGroder explained that Robert C. Baker was admitted *pro hac vice* in a separate case, and therefore, he believed his admission to the District applied in this case as well. (Doc. 12 at 4) In addition, Mr. McGroder assured the Court that he would serve as local counsel for Defendants. (Doc. 12 at 4) Mr. McGroder requested that, if the Court found cause to dismiss the Motion, then the Court give Defendants leave to refile the Motion. (Doc. 12 at 4)

**II.    Discussion**

Admission *pro hac vice* is not a right granted either by statute or the Constitution, but it is a routine practice throughout the country. *See Leis v. Flynt*, 439 U.S. 438, 442, 451 (1979). In the federal system, a district court's local rules set the requirements for an attorney to be admitted *pro hac vice*, and those rules have the force of law. *See Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). In the District of Arizona, "[a]n attorney who is admitted to practice in another U.S. District Court, and who has been retained to appear in this Court may, upon written application and in the discretion of the Court, be permitted to appear and participate *in a particular case*." LRCiv. 83.1(b)(2) (emphasis added).

On September 11, 2019, the Clerk's Office granted Phillip A. Baker's application to appear *pro hac vice* in this case. However, Phillip A. Baker did not sign the Motion to Dismiss and has not otherwise appeared on behalf of Defendants in this case. In the reply, Mr. McGroder asserted that Robert C. Baker would reapply for admittance *pro hac vice*. (Doc. 12 at 4) However, as of the date of this Order, Robert C. Baker has not been admitted by the Clerk's Office to appear in this case. Additionally, Mr. McGroder failed to file a notice of association pursuant to Local Rule of Civil Procedure 83.3(b) before submitting the reply.[1]

---

[1]   Local Rule 83.3(b)(4) provides that "[a]n occasional court appearance or filing of a pleading, motion or other document at the request of an attorney of record shall not require the filing of a notice of substitution or association." Because Mr. McGroder filed the reply on behalf of an attorney who is not authorized to serve as the attorney of record, the Court

1       The Court finds that neither Robert C. Baker, nor Mr. McGroder have authorization to appear in this case. Consequently, the Court will not consider the Motion on its merits at this time. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name."). Accordingly,

      **IT IS ORDERED** that the Motion to Dismiss is **denied without prejudice**. Defendants shall have **fourteen days** from the date of this Order to refile the Motion upon a showing of compliance with Local Rule 83.1(b) and/or Local Rule 83.3(b) or otherwise respond as provided by Federal Rule of Civil Procedure 12.

      Dated this 13th day of January, 2020.

                                                _____
                                                Honorable Steven P. Logan
                                                United States District Judge

---

finds that Local Rule 83.3(b)(4) is inapplicable here.