PHILLIP A BAKER, CA BAR NO. #169571 (Admitted *Pro Hac Vice* 9-11-19)
pbaker@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street
Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile: (213) 241-0990

PATRICK J. McGRODER, III, AZ BAR NO. 002598
p3@beusgilbert.com
BEUS GILBERT, PLLC
701 N. 44th Street
Phoenix, Arizona 85008
Telephone: (480) 429-3000
Facsimile: (480) 429-3100

Attorneys for Defendants
GIRARDI | KEESE
THOMAS V. GIRARDI
ERIKA N. GIRARDI

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Stillwell Madison, LLC, a Delaware limited liability company,

Plaintiff,

vs.

Girardi & Keese, a California general partnership d/b/a Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife,

Defendants.

Case No.: CV-19-03563-PHX-SPL

Complaint filed: 05-24-2019

**DEFENDANTS' RENEWED MOTION TO DISMISS AND COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[Filed concurrently with [Proposed] Order and Certification of Conferral]**

**DATE: To Be Set By Judge**
**TIME: To Be Set By Judge**
**CTRM: 501**

**JUDGE: HON. STEVEN P. LOGAN**

///

///

///

///

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:**

**COMES NOW** Defendants, GIRARDI | KEESE, THOMAS V. GIRARDI and ERIKA N. GIRARDI (sued herein as Girardi & Keese, a California general partnership d/b/a Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife) (hereinafter "Defendants") request a hearing date to be set by Judge Logan in Courtroom 501 of the above-entitled Court located at 401 Washington Street, Phoenix Arizona, in that Defendants seek to move this Court to Dismiss the current action and Compel Arbitration of the current dispute. This Motion is made pursuant to A.R.S. § 12-3007 and 9 U.S.C. § 3.

Counsel for Defendants sought via meet and confer efforts to obtain a stipulation of dismissal and to compel arbitration on August 5, 2019. Counsel for Plaintiff has rejected Defendants' request and thus this Motion was filed. Pursuant to the Court's Order of January 13, 2020 [Doc. 14], the Court allowed for the refiling of the instant Motion within 14 days.

DATED: January 24, 2020

**BAKER, KEENER & NAHRA, LLP**

By *___/S/ PHILLIP A. BAKER___*
PHILLIP A. BAKER
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile: (213) 241-0990

Attorneys for Defendants
GIRARDI | KEESE, THOMAS V. GIRARDI and ERIKA GIRARDI

**BEUS GILBERT, PLLC**

*By /S/ PATRICK J. McGRODER III*
PATRICK J. McGRODER III
BEUS GLIBLERT, PLLC
701 N. 44th Street
Phoenix, Arizona 85008
Telephone: (480) 429-3000
Facsimile: (480) 429-3100

Attorneys for Defendants
GIRARDI | KEESE, THOMAS V. GIRARDI and ERIKA GIRARDI

**MEMORANDUM OF POINTS AND AUHTORITIES**

## 1. INTRODUCTION

The current action was filed as a publicity stunt. The current alleged breach of contract was only filed in this Court to attempt to embarrass the Defendants GIRARDI | KEESE, THOMAS V. GIRARDI and ERIKA N. GIRARDI (sued herein as Girardi & Keese, a California general partnership d/b/a Girardi/Keese, Thomas V. Girardi, and Erika N. Girardi, husband and wife) (hereinafter "Defendants"). The Plaintiff surely knew there was an arbitration agreement in the contract for which they seek to enforce. (See Paragraph 15 of Exhibit 1 to the Complaint.)

The applicable contract is to be governed by Arizona law and is to be subject to the arbitration agreement. (See Paragraph 15(e) of Exhibit 1 to the Complaint.) Plaintiff filed in federal court using such highly charged language as "lavish lifestyle" and "glamorous public image" (See Paragraph 30 of the Complaint) with the goal to try to use the Court system as a publicity campaign. [1]

Plaintiff should be estopped further from this unprofessional tact and immediately compelled to litigate this dispute in the forum for which they demanded in the contract.

## 2. ARBITRATION SHOULD BE COMPELLED UNDER BOTH FEDERAL AND ARIZONA LAW

Pursuant to 9 U.S.C. § 3, a state court must order arbitration so long as the moving party "is not in default in proceeding with such arbitration." This provision, as a matter of federal law, governs the determination of whether a party has "default[ed]" by waiving the right to seek arbitration under an otherwise enforceable agreement. See *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 217 (3d Cir. 2007); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 13 (1st Cir. 2005) (citing cases); *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) ("Our determination of whether S & H waived its right to arbitration, as opposed to whether the contract is void under Alabama law, is controlled solely by federal

---

[1] Counsel Phillip A. Baker was admitted Pro Hac Vice by this Court on September 11, 2019.

law."); *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966) ("Once having waived the right to arbitrate, that party is necessarily 'in default in proceeding with such arbitration.' "); *Hudson*, 387 P.3d at 47; see also *Barber & Ross Co. v. Cornell & Co.*, 242 F. Supp. 825, 826 (D.D.C. 1965) (moving party was "in default" because "the litigation machinery had been substantially invoked at the time an intention to arbitrate was communicated"). In the face of these authorities, Plaintiff cites no case holding that waiver of a right to arbitrate under the FAA is governed by state-law principles under § 2 of the FAA rather than by federal-law principles under § 3.

Further, Arizona law requires compulsion to arbitration. A.R.S. § 12-3007 states in pertinent part:

> "A. On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
>
> 1. If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate.
> 2. If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."

As a result, Plaintiff's action should be dismissed, and arbitration compelled. The current action seeks recovery pursuant to a Loan Agreement attached to Plaintiff's complaint and Plaintiff seeks damages arising from the purported breach of the Loan Agreement. The Loan Agreement controls, and Paragraph 15 demonstrates the broadness of the arbitration provision which covers:

> "Any and all claims, counterclaims, demands, causes of action, disputes, or controversies under this Agreement or the alleged breach of any provision hereof (all of which are referred to as 'Disputed Claims'), whether such Disputed Claims arise at law or in equity, under US state or federal law, or the law of any other nation or state, for damages or for any other relief, shall be

resolved in the manner set forth below:" (Paragraph 15A of Exhibit 1 to the Complaint.)

Further, while Plaintiff during meet and confer efforts has taken the position that the claimed breach of the loan agreement and the purported Forbearance Agreement invalidates the arbitration language, Paragraph 15(g) establishes without a doubt the current action should be in arbitration:

**"EACH PARTY UNDERSTANDS AND AGREES THAT (i) THIS AGREEMENT CONTAINS THE REQUIREMENT TO ARBITRATE WITH RESPECT TO ANY DISPUTE OR NEED OF INTERPRETATION OF THIS AGREEMENT; (ii) EACH PARTY WILL NOT BE ABLE TO BRING A LAWSUIT AGAIN THE OTHER PARTY; (iii) THERE SHALL BE NO AUTHORITY FOR ANY CLAIMS TO BE ARBTIRATED ON A CLASS ACTION OR PRIVATE ATTORNEY GENERAL BASIS; AND (iv) ARBITRATION CAN ONLY DECIDE THE PARTIES' CLAIMS AND MAY NOT CONSOLIDATE OR JOIN THE CLAIMS OF OTHER PERSONS THAT MAY HAVE SIMILAR CLAIMS."** (Emphasis in original.)

///

///

///

///

///

///

///

///

///

///

///

**3. CONCLUSION**

In short, Plaintiff's contract, authored by itself, controls the location of this proceeding and Plaintiff's denial of such firmly establishes this lawsuit was filed for an improper, ulterior purpose.

DATED: January 24, 2020

**BAKER, KEENER & NAHRA, LLP**

By *<u>/S/ PHILLIP A. BAKER</u>*
PHILLIP A. BAKER
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile: (213) 241-0990

Attorneys for Defendants
GIRARDI | KEESE, THOMAS V. GIRARDI and ERIKA GIRARDI

**BEUS GILBERT, PLLC**

*<u>By /S/ PATRICK J. McGRODER III</u>*
PATRICK J. McGRODER III
701 N. 44TH ST.
Phoenix, Arizona 85008
Telephone: (480) 429-3000
Facsimile: (480) 429-3100

Attorneys for Defendants
GIRARDI | KEESE, THOMAS V. GIRARDI and ERIKA GIRARDI

242-3777-0011

**CERTIFICATE OF SERVICE**

***Stillwell Madison, LLC v. Girardi & Keese, et al.***
**USDC – Arizona (Phoenix), Case No.: CV-19-03563-PHX-SPL**

I hereby certify that on **January 24, 2020**, I electronically filed the attached document entitled: **DEFENDANTS' RENEWED MOTION TO DISMISS AND COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Laura E. Sixkiller, Esq.
Katherine L. Benveniste, Esq.
DLA Piper LLP (US)
2525 E. Camelback Road, Suite 1000
Phoenix, AZ 85016
laura.sixkiller@dlapiper.com
kate.benveniste@dlapiper.com

Counsel for Plaintiff

Patrick J. McGroder, III
BEAUS GILBERT PLLC
701 N. 44th Street
Phoenix, AZ 85008
P3@buesgilbert.com

Co-Counsel for Defendants

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

*/S/ PHILLIP A. BAKER*
PHILLIP A. BAKER

242-3777-0011